IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 JUN 16  P 1: 13

| | |
|---|---|
| Charles E. Carter,<br>    Plaintiff,<br><br>    v.<br><br>Officer Barney Dozier, Clarendon<br>County Sheriff's Department, Clarendon<br>County Fire Department,<br>    Defendants. | Civil Action No. 2:10-2812-RMG<br><br>**ORDER** |

This matter is before the court in Plaintiff's *pro se* civil action. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pre-trial proceedings and a Report and Recommendation. On May 31, 2011, the Magistrate Judge issued a Report recommending that the plaintiff's defamation claim be dismissed and the defendant's motion for summary judgment be granted as to all claims pending against it. (Dkt. No. 34). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff filed Objections to the Report. As explained herein, this Court has conducted a *de novo* review of the Record and agrees with the Magistrate Judge's Report and adopts it as the Order of this Court.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After reviewing the record of this matter *de novo*, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the Court agrees with the conclusions of the Magistrate Judge. Here, Plaintiff brings a defamation claim against Defendant Clarendon County Fire Department (CCFD), alleging that the Field Report, prepared by CCFD, wrongly accused him of operating a lawnmower indoors and that, such defamation, led to his improper arrest. To the extent that Plaintiff is attempting to assert a claim pursuant to 42 U.S.C. § 1983, the alleged act of defamation of character or injury to reputation is not actionable under the statute. *See Paul v. Davis*, 424 U.S. 693, 697-710 & nn. 3-4 (1976); *Washington v. Tilton*, 2010 WL 2084106, at *2 (D.S.C. May 07, 2010).

Further, to the extent that Plaintiff alleges a state law claim for defamation, Defendant has established that the Field Report and facts at issue would satisfy the elements of a qualified privilege. "The elements of a qualified or conditional privilege are 'good faith, and interest to be upheld, a statement limited in its scope to this purpose, or proper occasion, and publication in a proper manner and to proper parties only." *Weeks v. Union Camp Corp*, 2000 WL 727771, at *6 (4th Cir. 2000) (citing *Bell v. Evening Post Publ'g Co.*, 459 S.E.2d 315, 317 (S.C. Ct. App. 1995)). Here, Defendant, acting in official capacity, prepared and executed the Field Report in good faith and limited its contents to the information obtained while on scene. Further, the Field Report was only accessible to CCFD and Sheriff's Department personnel. Plaintiff has failed to

make any legal or evidentiary argument acknowledging or refuting any such privilege or claiming that any such privilege was exceeded by Defendant. Furthermore, in the event of a qualified privilege, the plaintiff must show that the publishing party acted with "actual malice." *Fulton v. Atl. Coast Line R.R. Co.*, 67 S.E.2d 425, 429 (1951). Here, Plaintiff has failed to allege facts or evidence that suggest Defendant acted with "actual malice" when preparing the Field Report.

Accordingly, the Court adopts and incorporates the Report and Recommendation by reference in this Order. Therefore, the plaintiff's defamation claim must be dismissed and the defendant's motion for summary judgment be granted as to all claims pending against it.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 16, 2011
Charleston, South Carolina