IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles E. Carter, | Civil Action No.: 2:10-2812-RMG-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Officer Barney Dozier, Clarendon County Sheriff's Dept; and Clarendon County Fire Department, | |
| Defendants. | |

The Plaintiff Charles E. Carter ("Plaintiff" or "Carter") brought this action seeking relief pursuant to Title 42, United States Code, Section 1983, on November 1, 2010. Defendant Clarendon County Fire Department (hereinafter "Fire Department") appeared and participated in this case, but Defendant Barney Dozier ("Dozier") has never appeared.

Defendant Fire Department was granted summary judgment on June 16, 2011. (See Dkt. No. 39; Dkt. No. 40.) After that, on July 5, 2011, the Honorable Richard M. Gergel entered the following Order:

> On June 16, 2011 this Court granted the Clarendon County Fire Department's motion for summary judgment. (Dkt. No. 39). Defendant Officer Barney Dozier remains a party in the case though this Court cannot discern if Officer Dozier has been properly served. Therefore, Plaintiff must file proof of service by executed return receipt or via affidavit of service within thirty (30) days of this Order or his remaining claims against Officer Dozier may be subject to dismissal for failure to prosecute. Plaintiff's . . . [43] Motion for More Definite Statement is rendered moot by this Order. (Dkt. No. 43). AND IT IS SO ORDERED.

(Dkt. No. 47.) In a subsequent Order, dated July 26, 2011, Judge Gergel stated that "none of [Plaintiff's] filings show that Defendant Dozier was served" because although Plaintiff filed a certified receipt signed by Ronald W. Stewart, Plaintiff failed to properly serve Dozier **because Plaintiff did not restrict delivery to Defendant Dozier himself**. (Dkt. No. 54 at 2-3.) Judge Gergel gave Plaintiff additional time to serve Dozier and ordered Plaintiff to file

proof of service on or before September 6, 2011. (Id. at 4.) That time was later extended to January 16, 2012. (Dkt. No. 63.)

On or about January 13, 2012, Plaintiff filed a document again stating that Dozier was served on November 17, 2010. (Dkt. No. 67 at 1.) Plaintiff repeated his contention that service upon Ronald Stewart constituted service upon Defendant Dozier. (Id.)

On February 9, 2012, the undersigned issued an Order advising Plaintiff that "the signature of Ronald Stewart **DOES NOT CONSTITUTE PROPER SERVICE** upon Defendant Dozier." (Dkt. No. 68 at 2.) This Order further stated,

> In order to avoid dismissal of this case, **PLAINTIFF MUST TRY TO SERVE DEFENDANT DOZIER AGAIN**. Reference to service on November 17, 2010 upon Ronald Stewart is not sufficient. To avoid dismissal of this case, if Plaintiff wishes to serve Defendant Barney Dozier by registered or certified mail, the Court advises that Plaintiff do the following:
>
> 1. Serve Defendant Barney Dozier once more by registered or certified mail;
> 2. Request a return receipt;
> 3. Restrict delivery to the addressee, who is Barney Dozier;
> 4. Filewith the Court proof of service of the date and place of mailing and attach a copy of the return receipt with the Restricted Delivery box checked Yes indicating that delivery was restricted to Defendant Barney Dozier; **AND**
> File with the Court the return receipt (PS form 3811) showing the signature of Defendant Barney Dozier **himself**.

(Id.) Plaintiff was given until April 9, 2012 to comply with the undersigned's Order dated February 9, 2012. (Id. at 3.) Plaintiff was advised that failure to comply with the Order would subject his action to dismissal with prejudice for failure to prosecute and failure to comply with the Court's orders. (Id.)

Despite the instructions in the undersigned's Order dated February 9, 2012, Plaintiff has not proven service upon Defendant Dozier, nor has Plaintiff made any other filing subsequent to the Order of February 9, 2012.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue his action against Defendant Dozier. Accordingly, it is recommended that the action against Defendant Dozier[1] be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919, 920 (4th Cir.1982).  <u>See Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989).

                s/Bruce Howe Hendricks
                United States Magistrate Judge

April 13, 2012
Charleston, South Carolina

---

[1] If the District Judge adopts this Report and Recommendation, the Clerk shall close the case, as Judgment has already been entered in favor of Defendant Clarendon County Fire Department. (<u>See</u> Dkt. No. 39; Dkt. No. 40.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).